**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

-------------------------------------------

**No. 04-12286**
**Non-Argument Calendar**

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-07884-CV-JIC

TIMOTHY ST. FLEUR,

Plaintiff-Appellant-
Cross-Appellee,

versus

CITY OF FORT LAUDERDALE,
a municipality,

Defendant-Appellee-
Cross-Appellant.

----------------------------------------------------------------
**Appeals from the United States District Court**
**for the Southern District of Florida**
----------------------------------------------------------------

(August 29, 2005)

**Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.**

PER CURIAM:

In this case alleging race and national origin discrimination, in violation of Title VII, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1983, Plaintiff-Appellant Timothy St. Fleur appeals the district court's denial of his post-judgment motion for reconsideration, construed by this Court as a motion to vacate judgment under Fed.R.Civ.P. 60(b).  Plaintiff also challenges the district court's order on attorneys' fees.  Defendant-Appellee the City of Fort Lauderdale ("the City") has filed a cross-appeal on the fee award.  No reversible error has been shown; we affirm.

Plaintiff, a black Haitian male, obtained a jury verdict and damages against his employer, the City, on three counts of Title VII discrimination and on one count of § 1983 discrimination based on the City's alleged practice and custom of treating Haitian employees in a discriminatory manner.  The jury awarded Plaintiff a total of $75,000 for the Title VII claims and $400,000 for the § 1983 claim.  The City filed a post-trial motion for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50, on all claims.  On 26 January 2004, the district court denied the City's Rule 50 motion on the Title VII claims; but the court granted the motion on

2

the § 1983 claim. That day, the district court entered a final amended judgment in favor of Plaintiff for $75,000.

The district court granted Plaintiff an extension of time to file a motion for reconsideration of the order granting the City's Rule 50 motion on the § 1983 claim. On 18 February 2004, Plaintiff moved for reconsideration. Plaintiff argued that, among other things, in granting judgment as a matter of law on the § 1983 claim, the district court (1) improperly weighed the evidence on whether the City had a custom and policy of discrimination, (2) failed to credit Plaintiff's presentation of certain evidence as proof of discrimination, (3) failed to recognize Plaintiff's other evidence supporting his § 1983 claim, (4) did not allow Plaintiff to present certain additional evidence supporting his § 1983 claim, (5) made an inconsistent ruling when the court allowed the jury verdict to stand on the Title VII claims, which Plaintiff asserted had the same elements of proof as his § 1983 claim, and (6) failed to recognize Plaintiff's evidence that the City's policy-makers acquiesced in direct discrimination. The district court summarily denied Plaintiff's motion for reconsideration.

Plaintiff ultimately moved for $370,432.50 in attorneys' fees and for costs. The district court awarded Plaintiff $200,362.75 in attorneys' fees and $50,193.45

in costs. Plaintiff and the City then pursued their respective appeal and cross-appeal.

A panel of this Court determined that we lacked jurisdiction to consider an appeal from the amended final judgment: Plaintiff's motion for reconsideration, filed more than ten days after final judgment was entered, did not toll the period for appealing the final judgment. We stated that "the appeals shall be limited to a determination of whether the district court abused its discretion in denying [Plaintiff]'s motion, construed as a [Rule] 60(b) motion to vacate the judgment, and it shall not extend to the validity of the underlying judgment per se." But we determined that we did have jurisdiction to review Plaintiff's and the City's challenges to the district court's order on attorneys' fees and costs.

## Denial of Rule 60(b) Motion

On appeal, Plaintiff argues that the district court abused its discretion in denying his motion for reconsideration; he points to various allegedly erroneous applications of law by the district court in granting the City's Rule 50 motion on the § 1983 claim.[1]

---

[1]Plaintiff specifically asserts: (1) the district court improperly allowed the City to raise its alleged "prompt remedial action" as a defense to the § 1983 claim; (2) Plaintiff presented sufficient evidence for a jury to find in his favor on the § 1983 claim; and (3) the jury determination on the Title VII

We review a district court's order denying relief under Rule 60(b) for an abuse of discretion. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).[2]  The scope of an appeal of a ruling on a Rule 60(b) motion is "narrow": the appeal addresses "only the propriety of the denial or grant of [Rule 60(b)] relief" and "does not raise issues in the underlying judgment for review." Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Despite our direction in the jurisdictional order, Plaintiff only nominally argues that the district court abused its discretion in denying the motion for reconsideration, construed as a Rule 60(b) motion. Plaintiff does correctly state that the proper standard of review is "abuse of discretion." But Plaintiff does not apply that standard to the denial of Rule 60(b) relief. Instead, Plaintiff directs the substance of his arguments to the district court's alleged legal errors in granting the City's Rule 50 motion on the § 1983 claim. And we note that Plaintiff does

claim that the City did not "promptly remediate" precluded the district court from making an allegedly inconsistent conclusion on the § 1983 claim.

[2]Rule 60(b) allows a district court to grant relief from a final judgment for these reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

not cite Rule 60(b); he does not explain what provision of Rule 60(b) would entitle him to relief.[3]

Even assuming Plaintiff is requesting relief based on the "catchall provision" in Rule 60(b)(6), Plaintiff has presented no grounds for Rule 60(b)(6) relief either in his motion in the district court or in his appellate brief. See Rice v. Ford Motor Co., 88 F.3d 914, 918 (11th Cir. 1996) (construing Rule 60(b) motion as arising under (b)(6) where movant failed to specify grounds for relief under Rule 60(b)). We have observed that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted). Plaintiff points to nothing "exceptional" about this case that would warrant relief under Rule 60(b)(6).

Instead, Plaintiff has attempted to use Rule 60(b) "to challenge mistakes of law which could have been raised on direct appeal." Am. Bankers Ins. Co., 198 F.3d at 1338; see Seven Elves, Inc. v. Eskanazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (listing factors courts consider in considering 60(b) relief). And this approach is insufficient to show that the district court abused its discretion in

---

[3] We note that Plaintiff labeled his motion for reconsideration as arising "pursuant to Fed.R.Civ.P. 59 and/or 60"; but Plaintiff provided the district court with no further guidance on what provisions of Rule 60(b) might have applied to his situation.

denying Rule 60(b) relief to Plaintiff. See Gary W. v. State of La., 622 F.2d 804, 805 (5th Cir. 1980) (stating that proper way to raise issue of district court's allegedly improper application of the law was by appeal of district court's underlying ruling, not by appeal of denial of Rule 60(b) motion).

## Attorneys' Fees

Plaintiff and the City also challenge the district court's order on attorneys' fees. Plaintiff asserts that the district court -- without supplying the proper detailed findings and reasons -- reduced too much his lawyers' hourly rates and hours expended. The City in its cross-appeal argues that the district court's assessment of hourly rates and hours expended was too generous.[4]

We review for an abuse of discretion a district court's award of attorneys' fees. Sierra Club v. Hankinson, 351 F.3d 1358, 1361 (11th Cir. 2003). We afford district courts "wide discretion" in determining the proper fee level; but the court

---

[4]The City, in its cross-appeal reply brief and without detail, states in a footnote that it also challenges the district court's cost award as excessive. But the City failed to make this argument in its initial cross-appeal brief: we do not consider it. See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) (stating that this Court refuses to consider issues raised for the first time in a reply brief), cert. denied, 123 S.Ct. 2628 (2003).

"must articulate the decisions it makes, give principled reasons for those decisions, and show the specific fee calculations." Id. "A district court abuses its discretion when it fails to apply the appropriate legal standard, follows improper procedures, or relies upon clearly erroneous findings of fact." Id.

The district court abused no discretion in determining the attorneys' fee award. The district court correctly cited our caselaw that, in fashioning a fee award, the court "is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable hourly rate, the district court referenced (1) the court's own expertise and knowledge, (2) Plaintiff's affidavit of a local employment lawyer, William Amlong, establishing $300 per hour as a reasonable rate for Plaintiffs' two trial lawyers, (3) Plaintiff's citation of cases in the Southern District of Florida where the fee for experienced employment discrimination lawyers was set between $250 and $300 per hour, and (4) the City's objection that Amlong had greater expertise than Plaintiff's lawyers. The district court noted that the case involved "issues of low to moderate complexity with no novel issues of law" and that Plaintiff's counsel performed capably. The court therefore abused no discretion in determining a "reasonable hourly rate" of $250 for Plaintiff's two

trial lawyers, Reginald Clyne and Cynthia Everett, $175 for Antoinette Diaz,[5] $135 for junior associates, and $85 for paralegals. We disagree with the City's contention that these rates constituted an improper "windfall" for Plaintiff's lawyers. See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1337 (11th Cir. 2001) (stating that hourly rate determination should be "based on the reasonable worth of services rendered, so long as the rate results in no windfall for the prevailing party"). The district court properly applied the law, gave reasons behind its decision, and did not base its decision on a clearly erroneous fact finding.

Also, the district court abused no discretion in reducing Plaintiff's total hours claimed by 30 percent. The district court noted that Plaintiff's lawyers had included time spent on "discrete unsuccessful claims," duplicated efforts, excessive meetings between attorneys, billing for administrative tasks, senior counsel's billing for legal research that could have been assigned to an associate or paralegal, and billing at full rates for non-legal tasks like travel and clerical functions. See Norman, 836 F.2d at 1301 (leaving to district court's discretion "exclusions for excessive or unnecessary work on given tasks"). But the district

---

[5] We note that Plaintiff requests $300 per hour for Clyne and Everett and $200 per hour for Diaz; the City asserts that $150 per hour for Clyne and Everett, and $135 per hour for Diaz, is reasonable.

court also correctly referenced the public benefit arising from successful lawsuits against municipal defendants. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1307 (11th Cir. 2001) (recognizing that successful civil rights actions against public bodies "vindicate a public interest").

In reducing the fee award, the district court noted that Plaintiff was successful on his Title VII claims, but was unsuccessful on his § 1983 claim. See Shannon v. BellSouth Telecommunications, Inc., 292 F.3d 712, 717 (11th Cir. 2000) (court should not award fee for unrelated, unsuccessful claims). And while Plaintiff correctly notes that Title VII and § 1983 discrimination cases may share some of the same requirements of proof, see Cross v. State of Ala., 49 F.3d 1490, 1508 (11th Cir. 1995), a § 1983 plaintiff also must show proof of a municipal custom or policy to establish municipal liability, see Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307-08 (11th Cir. 2001) (plaintiff claiming discrimination under § 1983 must show existence of government custom or policy that might lead to imposition of government liability); see also Bass v. Bd. of County Comm'rs of Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001) (noting that Title VII and § 1983 provide "separate, non-exclusive causes of actions and remedies"). Even if, as Plaintiff claims, his Title VII and § 1983 claims are closely related, the district court's fee award was an appropriate reduction: Plaintiff's degree of

10

success was less than the relief he would have obtained had he succeeded on his § 1983 claim. See Shannon, 292 F.3d at 717 (fee reduction appropriate where "relief, however significant, is limited in comparison to the scope of the litigation as a whole"). We thus reject Plaintiff's contention that he obtained "exceptional results" warranting a fee enhancement.[6]

And we reject Plaintiff's and the City's claims that the district court abused its discretion by failing to engage in a more detailed, task-by-task analysis of which fees it was disallowing. Plaintiff's counsel claimed over 1,500 hours for compensation: "these hours are extensive enough that we do not expect the district court . . . to conduct an hour-by-hour analysis." Villano, 254 F.3d at 1311.

In sum, the district court abused no discretion in (1) denying Plaintiff's motion for reconsideration, construed as a Rule 60(b) motion for post-judgment relief and (2) fashioning Plaintiffs' attorneys' fee award.

**AFFIRMED.**

---

[6] We also reject the City's contrary argument that the district court should have reduced Plaintiff's attorneys' fees by at least 50 percent because Plaintiff achieved "extremely limited success": the City points to the comparatively small damages obtained ($75,000) compared to the total amount requested ($2,030,000). We see no abuse of discretion in the degree of the district court's reduction. See Villano, 254 F.3d at 1307-08 (where compensatory damages are primary relief sought and obtained, damages awarded may be considered as one factor in fee calculation; but other factors are public benefit of successful suit against public body and results obtained).

11