[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

No. 07-15290
Non-Argument Calendar
_____

D. C. Docket No. 05-20859-CV-WMH

PRIME INSURANCE SYNDICATE, INC.,
a foreign corporation,

Plaintiff-Appellant,

versus

SOIL TECH DISTRIBUTORS, INC.,
a Florida Corporation,
OMAR DOMINGUEZ,
Individually and as personal representative of the
Estate
of Yolanda Alcantra Dominguez and as plenary
guardian of
Sherly Jessenia Pagoada, a minor,
ROLANDO RIOS,
FRANCISCO VARELA,
IVAN NAVEA, et al.,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(March 27, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is Prime Insurance Syndicate, Inc.'s appeal from the district court's order and final judgment awarding attorney's fees to Soil Tech Distributors, Inc., Manuel Navarro, Jr., Jose F. Regalado, and Leonardo Hernandez (collectively Soil Tech). Prime Insurance contends that: (1) Soil Tech is not entitled to attorney's fees because the district court dismissed Prime Insurance's complaint for lack of subject matter jurisdiction, which Prime Insurance argues is not an adjudication on the merits; (2) the district court lacked subject matter jurisdiction to award attorney's fees after it dismissed Prime Insurance's complaint; and (3) Soil Tech's motion for attorney's fees was untimely filed and accordingly should have been denied by the district court.

**I.**

In the suit underlying this appeal, Prime Insurance sought a declaratory judgment against Soil Tech regarding a business automobile liability and property

damage policy it had issued to Soil Tech. After answering Prime Insurance's third amended complaint, Soil Tech moved for summary judgment, arguing among other things that Prime Insurance's third amended complaint did not satisfy the amount in controversy requirement for federal diversity jurisdiction. The district court dismissed the third amended complaint for lack of subject matter jurisdiction, allowing Prime Insurance twenty days to file an amended complaint curing the jurisdictional defect. Prime Insurance did not file an amended complaint and did not appeal the district court's order dismissing its complaint.

Forty-nine days after the district court dismissed Prime Insurance's complaint, Soil Tech filed a motion for attorney's fees, arguing that it was entitled to the fees under Fla. Stat. § 627.428(1) because it was the prevailing party. The district court granted the motion in part, awarding Soil Tech $10,290.00 in attorney's fees and $216.82 in costs. Prime Insurance appealed.

## II.

### A.

Prime Insurance first contends that Fla. Stat. § 627.428(1) permits a court to award attorney's fees only where the prevailing party succeeded on the merits, which it claims Soil Tech did not do because the complaint was dismissed for lack of subject matter jurisdiction. We have consistently recognized that in diversity

3

cases a party's right to attorney's fees is determined by reference to state law. See

All Underwriters v. Weisberg, 222 F.3d 1309, 1311 (11th Cir. 2000) (noting that

Fla. Stat. § 627.428(1) is substantive law under the Erie doctrine). Under certain

circumstances Florida law permits an award of attorney's fees to the prevailing

party in a dispute between an insurer and its insured. Section 627.428(1) provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). This provision applies both when the insured prevails in a

suit it brought against its insurer and when the insured prevails in a suit brought

against it by its insurer. Roberts v. Carter, 350 So. 2d 78, 79 n.6 (Fla. 1977).

We are not persuaded by Prime Insurance's argument that a dismissal for

lack of subject matter jurisdiction is insufficient to warrant an award of attorney's

fees under Fla. Stat. § 627.428(1). By its very terms, the statute does not require

an insured party to succeed on the merits of a case in order to recover attorney's

fees. See Fla. Stat. § 627.428(1). Moreover, Florida courts applying the statute

have awarded attorney's fees even in cases where the insured party did not prevail

4

"on the merits." See Dawson v. Aetna Cas. & Sur. Co., 233 So. 2d 860, 861 (Fla. 3d DCA 1970) (concluding that the dismissal of an insurer's declaratory judgment action against its insured was a "rendition of a judgment against an insurer in favor of an insured" under a previous version of Fla. Stat. § 627.428(1), even though the trial court did not reach the merits of the insurer's claims because the underlying worker's compensation dispute was pending before an administrative agency); see also Home Ins. Co. v. Drescher, 220 So. 2d 902, 903–04 (Fla. 1969) (awarding attorney's fees incurred in litigating the appeal before the Florida Supreme Court after discharging a writ of certiorari as improvidently granted); Arango v. United Auto. Ins. Co., 901 So. 2d 320, 321 (Fla. 3d DCA 2005) ("We construe the prevailing party clause in the appellate fee portion of section 627.428, which mandates a fee award 'in the event of an appeal in which the insured or beneficiary prevails' to include cases in which an insurer commences an appeal, but the appeal is then dismissed without a decision on the merits."); Leaf v. State Farm Mut. Auto. Ins. Co., 544 So. 2d 1049, 1050–51 (Fla. 4th DCA 1989) (reversing the trial court and ordering an award of attorney's fees under Fla. Stat. § 627.428 where the trial court granted the insured's motion to compel arbitration but did not reach the underlying merits of the insurance dispute, reasoning that the statute's purpose "is to penalize a carrier for wrongfully causing its insured to resort to litigation to

5

resolve a conflict when it was reasonably within the carrier's power to do so." (internal quotation marks and citation omitted)).

Prime Insurance relies on Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc., 465 F. Supp. 478 (M.D. Fla. 1979), as support for the "on the merits" requirement it would read into Fla. Stat. § 627.428(1), but its reliance is misplaced. While that district court opinion does use the language "on the merits," it does not cite any statutory language or Florida case as support for the requirement. In any event, we are not bound by that decision. Instead, because we are required to apply state law, we must follow the decisions of the Florida Supreme Court and Florida's intermediate appellate courts. See generally McMahan v. Toto, 311 F.3d 1077, 1079 (11th Cir. 2002) ("[T]he rule is that, absent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently."). We conclude that under Florida law Soil Tech was entitled to its attorney's fees.

B.

Prime Insurance also contends that the district court lacked jurisdiction to award attorney's fees because it dismissed the third amended complaint for lack of

subject matter jurisdiction. We disagree. While it is true that a district court may not adjudicate the merits of a claim once it has determined that it lacks subject matter jurisdiction, see Stanley v. CIA, 639 F.2d 1146, 1157 (5th Cir. Mar. 1981)[1] ("When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim." (emphasis added)), that is not what we have here. The court's award of attorney's fees was collateral to the merits of the case and was therefore within the court's jurisdiction, even after the court determined it lacked subject matter jurisdiction over the underlying suit. Cf. Willy v. Coastal Corp., 503 U.S. 131, 138, 112 S. Ct. 1076, 1080 (1992) (concluding that a district court could impose Rule 11 sanctions even where it was later determined that the court lacked subject matter jurisdiction over the underlying case because an "imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such an order implicates no constitutional concern because it does not signify a district court's assessment of the legal merits of the complaint" (internal quotation marks and citations omitted)); Moore v. Permanente Med. Group, 981 F.2d 443, 445 (9th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

7

Cir. 1992) (concluding that the district court retained jurisdiction to award attorney's fees even after remanding the case to state court for lack of subject matter jurisdiction because "it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"); cf. also Morand v. Stoneburner, 516 So. 2d 270, 271 (Fla. 5th DCA 1987) ("We believe, however, that this court's jurisdiction to award fees in connection with the dismissal of an appeal is separate and apart from its jurisdiction to hear the merits of a particular case. We note a line of cases [that] have upheld the recovery of attorney's fees from insurance carriers by prevailing insureds, where the carrier's petition for certiorari review is denied in the supreme court for lack of jurisdiction. It would seem that these cases are in accord with the principle that a court has jurisdiction to determine its jurisdiction, and that ancillary to such determination can award attorney's fees where authorized by statute." (citations omitted)).

C.

Finally, Prime Insurance's contention that Soil Tech did not timely file its motion for attorney's fees is of no moment. The local rules for the Southern District of Florida require that a motion for attorney's fees be filed and served

within thirty days of the entry of a final judgment or other appealable order.[2]  S.D. Fla. R. 7.3.A(vii).  The order dismissing Prime Insurance's complaint for lack of subject matter jurisdiction did not become a final, appealable order until after the twenty-day period the district court allowed for amendments to the complaint expired.  See Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) (holding that where the district court dismisses a complaint and provides a stated period within which the plaintiff may amend, "the order of dismissal . . . becomes final upon the expiration of the time allowed for amendment.  The time for appeal is measured from the date on which the district court order of dismissal becomes final").  Soil Tech filed its motion for attorney's fees twenty-nine days after the amendment period expired.  Its motion was therefore timely.

**AFFIRMED.**

---

[2]  Prime Insurance also cites Federal Rule of Civil Procedure 54(d)(2)(B) and suggests that Soil Tech's motion was untimely because it was not filed within fourteen days.  In Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332 (11th Cir. 2001), we considered and rejected the same argument.  Id.  at 1335.  There, we concluded that S.D. Fla. R. 7.3 was an "order of the court" that extended the time to file a motion for attorney's fees beyond the fourteen days allowed under the Federal Rules.  Id.