[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13287
Non-Argument Calendar

_____

D. C. Docket No. 05-00096-CV-WCO-2

WELDING SERVICES, INC.,

Plaintiff-Appellant,

versus

TERRY FORMAN,
WELDING TECHNOLOGIES, INC.,
ROBERT HENSON,
CHARLES JONES,
ROD FORMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 2, 2008)**

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Welding Services, Inc. filed a 15 U.S.C. § 1125(a) trademark infringement claim along with state law claims against Welding Technologies, Inc. The district court granted summary judgment in favor of WTI on the Lanham Act claim and on the related state law claims for unfair competition and deceptive trade practices. It declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them. We affirmed the district court's judgment. Back in district court, WTI renewed its motion for attorney's fees as the prevailing party under 15 U.S.C. § 1117(a). The district court awarded fees and costs to WTI in the amount of $104,463.71. WSI now appeals that judgment.

In an exceptional trademark infringement case brought under 15 U.S.C. § 1125(a), a court may award reasonable attorney's fees to the prevailing party. 15 U.S.C. § 1117(a). A "prevailing party" includes a prevailing defendant—WTI in this case. Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1319 n.10 (11th Cir. 2001) ("While an exceptional case [for a prevailing plaintiff] is characterized as one in which the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful, the legislative history to the Lanham Act makes it clear that attorney's fees are also available to prevailing defendants in exceptional cases."(quotation marks omitted)) (citing H.R. Rep. No. 93-524 (1974), reprinted

in 1974 U.S.C.C.A.N. 7132, 7133).

The conduct that the court must assess in order to determine whether a case is exceptional depends on which party prevails.  See Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.,  223 F.3d 1143, 1148 (10th Cir. 2000). The Tenth Circuit has explained:

> When attorney fees are awarded against a defendant, the court looks to whether the defendant's acts of infringement were pursued in bad faith. When attorney fees are awarded against a plaintiff, the court looks to the plaintiff's conduct in bringing the lawsuit and the manner in which it is prosecuted.

Id.

"[A]n exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists."  Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) (citations and quotation marks omitted).  Applying that standard, we have held that an award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an improper motive. See id. at 1336 ("Plaintiff's failure to present sufficient evidence on four of the five Lanham Act elements, coupled with evidence of bad faith and improper motive, support the district court's conclusion that this case was an exceptional case

3

justifying an award of attorney's fees.").

We review a district court's award of attorney's fees only for abuse of discretion. Id. at 1335. WSI contends that whether a case is "exceptional" under § 1117(a) is a question of law that we should review de novo. Here, however, the district court applied the correct legal standard to determine whether the case was exceptional, stating that attorney's fees should be awarded only if there was evidence of fraud or bad faith. Therefore, our review of its decision to award the fees is limited to abuse of discretion. See Tire Kingdom, 253 F.3d at 1335; Dieter v. B & H Indus. of Sw. Fla., Inc., 880 F.2d 322, 329 (11th Cir. 1989) ("Even if the trial court finds that the circumstances of the case are, in fact, exceptional, the decision whether to award attorney's fees is still discretionary."). We review only for clear error the district court's findings of facts underlying that decision. See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008).

The district court found in the present case that WSI had an improper motive for bringing the infringement claim. The court considered the fact that WSI filed its trademark infringement claim only after three former WSI employees acquired WTI—despite the fact that WTI had been using the same mark for two years before the lawsuit was filed. The court also found that WTI attempted to resolve the infringement issue without litigation, responding to WSI's cease and desist

4

letter by "volunteering" to change the allegedly infringing mark. The district court determined that WSI continued to resist settlement, refusing a pre-discovery offer of judgment. Although the court recognized that the offer of judgment would have required WSI to dismiss with prejudice certain state law claims along with the trademark infringement claim, before awarding fees the court noted that WSI had not refiled those other claims in state court. Finally, the court found that WSI's trademark infringement claims were weak and that WSI persisted with expensive, time-consuming litigation in spite of that. Based on those findings, the court awarded attorney's fees to WTI.

Our review of the appellate briefs and the record establishes that the district did not abuse its discretion except that one of its findings is clearly erroneous. The district court clearly erred in finding that WTI "volunteer[ed]" to stop using the WTI mark. WSI wrote a cease and desist letter to WTI, and WTI's counsel responded on its behalf as follows: "My client values very much the principles of communication and compromise, and appreciates sincere communications from its clients, competitors and potential future competitor; for example, my client was already previously considering changing its logo, which was created long before [former WSI employee] Terry Forman was employed [at WTI]" (emphasis added).

Contrary to WTI's representation to the district court and the district court's

5

finding, in that letter WTI did not "volunteer[] to change" the mark. WTI's letter may, however, signal an openness to "communication and compromise" and a willingness to consider changing the mark. Instead of exploring that course, WSI filed a lawsuit. On remand the district court should consider again that letter—which does not "volunteer[] to change" the WTI mark— and reassess its conclusion to the extent necessary to correct any misapprehension the court had about the content of the letter.

In addition to that letter, the district court had before it the sworn declaration of a former WSI employee stating that WSI's chief executive officer told him that he intended to "'sue [WTI] out of business.'" WSI denied that statement in its response to WTI's renewed motion for attorney's fees. In its order granting WTI's motion, the district court did not mention that statement, so we cannot tell if the court disregarded it based on a credibility determination or simply overlooked it. On remand, the district court should make a credibility determination regarding the alleged statement and, if it finds that statement was made, should consider it in deciding whether WSI litigated with an improper motive.

On remand, in evaluating WTI's response letter to WSI's cease and desist letter and WSI's alleged statement about suing WTI out of business, the district court should decide whether the weakness of WSI's trademark infringement claim,

6

see Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1359–61 (11th Cir. 2007), was "coupled with evidence of bad faith and improper motive" by WSI, making this an exceptional case in which the prevailing defendant is entitled to attorney's fees. See Tire Kingdom, 253 F.3d at 1336.

WSI also challenges the amount of attorney's fees awarded by the district court. WSI did not raise this argument in the district court; therefore, it has waived the argument for purposes of this appeal. See, e.g., Technical Coating Applicators, Inc. v. United States Fidelity and Guaranty Co., 157 F.3d 843, 846 (11th Cir.1998) (declining to consider an argument on appeal because the district court did not have an opportunity to address it). If the district court on remand awards WTI attorney's fees, it should hear and decide any issues about the amount of those fees that WSI raises in a timely fashion.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**