[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14464
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-00432-CPT

CHERYL GRIFFITH,

Plaintiff - Appellant,

versus

DENIS R. McDONOUGH,
Secretary, Department of Veterans Affairs,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Cheryl Griffith appeals the magistrate judge's award of attorneys' fees in her employment discrimination case and his denial of her second motion for attorneys' fees, in which she sought fees for time her attorneys spent seeking fees related to her original motion. First, she argues that the magistrate judge clearly erred when calculating her attorneys' and paralegals' reasonable rates and that he abused his discretion by awarding attorneys' fees based on those rates. Second, she argues that the magistrate judge abused his discretion by denying her second motion for attorneys' fees as untimely.

I.

A district court's award of attorneys' fees is reviewed for abuse of discretion. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award upon findings of fact that are clearly erroneous." *Id.* (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).

Under 42 U.S.C. § 2000e-16, employees of federal agencies are permitted to sue the federal government for employment discrimination based on race and sex. 42 U.S.C. § 2000e-16(a), (c). Section 2000e-5(k) allows courts to award reasonable attorneys' fees to the prevailing party in litigation under §§ 2000e to 2000e-17. *See* 42 U.S.C. § 2000e-5(k); *see also* 42 U.S.C. § 2000e-16(d) (stating

42 U.S.C. § 2000e-5(k) applies to actions against the federal government brought under § 2000e-16).  Similarly, the Rehabilitation Act prohibits federal agencies from discriminating on the basis of disability and allows employees of federal agencies to sue the government and, if successful, recover attorneys' fees.  29 U.S.C. § 791(a), (f); *see also* 29 U.S.C. § 794a(a), (b) (referencing 42 U.S.C. §§ 2000e-16, 2000e-5(k)).

Where the parties agree that one party will pay the other party's legal fees, they agree to fee shifting, and the "lodestar" method is used to calculate reasonable attorneys' fees.  *See In re Home Depot*, 931 F.3d at 1078-79, 1081-84 (applying lodestar method to contractual fee-shifting case).  The lodestar is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

Whether a particular amount is a reasonable hourly rate is a finding of fact subsidiary to the total award and, therefore, is reviewed for clear error.  *Barnes,* 168 F.3d at 436.  A factual finding is clearly erroneous when, although there is evidence to support it, we are "left with the definite and firm conviction that a mistake has been committed."  *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007).

We have defined a "reasonable hourly rate" as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

3

comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The relevant market for "determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437 (citing *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The party seeking attorneys' fees "bears the burden of establishing that his requested rate is in line with prevailing market rates," and this requires more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.  Since courts have historically been considered experts on the question of fees, the court "may consider its own knowledge and experience concerning reasonable and proper fees." *id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Moreover, when a client and an attorney have contracted for services at a particular rate, that rate "is a strong indication of a reasonable rate." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001).  But while the contracted rate is relevant evidence of a reasonable rate, it does not "necessarily act as a cap or ceiling in determining the reasonable hourly rate." *Id.*  A court, therefore, can award a fee above the contracted rate if the higher award is a reasonable hourly rate.

There is a strong presumption that the lodestar yields a reasonable fee. *In re Home Depot*, 931 F.3d at 1082.  However, in rare and exceptional cases, the

4

lodestar may be enhanced if it does not reflect the true value of counsels' work.  *Id.*

The lodestar has subsumed most of the factors that could be considered to justify

an enhancement.  *Id.* at 1082-83.  Those subsumed factors, therefore, are already

accounted for and cannot justify an enhancement.  *Id.*  at 1082-83.  The subsumed

factors include the novelty and complexity of the issues, the skill and experience of

the attorneys, and the results obtained.  *Id.* at 1083.

Here, the magistrate judge did not abuse his discretion in his award of

attorneys' fees.  The magistrate judge found the rates Griffith and her attorneys

agreed-upon in their contract to be reasonable hourly rates.  While Griffith

provided evidence of judicially awarded attorneys' fees in the relevant market that

could have supported a higher reasonable rate, we cannot conclude that the

magistrate judge clearly erred by awarding only the contracted rates.  The fact that

a client and attorney have agreed on the contracted rates is "a strong indication of a

reasonable rate."  *Tire Kingdom*, 253 F.3d at 1337.  The awarded rates, moreover,

were the contracted rates for a case that was resolved by pre-trial settlement, as this

case was.  Although Griffith maintains that those agreed-upon rates are discounted

from the actual market rate, the magistrate judge was allowed to rely on his own

experience and expertise in finding that the contracted rates were within the

bounds of reasonableness for this type of case.  *See Tire Kingdom*, 253 F.3d at

1336-37; *see Norman*, 836 F.2d at 1303.  Because the magistrate judge did not

5

clearly err in determining a reasonable hourly rate for the lodestar and because the lodestar subsumes most of the factors relevant to enhancing a fee award, the magistrate judge did not abuse his discretion in his award of attorney's fees. Accordingly, we affirm this portion of the magistrate judge's order.

## II.

A court's decision to deny a request for attorneys' fees as untimely is reviewed for abuse of discretion. *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 724 (11th Cir. 1992).

We have concerns about the magistrate judge's finding that the second motion for attorneys' fees was untimely and should be disregarded entirely. On the one hand, we cannot conclude that the magistrate judge abused his discretion with respect to Griffith's fee request for her use of an expert because those fees likely could have been estimated at the time the original motion was filed. However, it seems clear that at least some of the hours expended by counsel were incurred after the filing of the original motion for attorneys' fees and could not have been reasonably predicted as to scope or amount. For example, Griffith's reply brief to Defendant's response to her original motion was filed on March 5, 2020, well after the original motion for fees was filed. Additionally, we cannot agree with the magistrate judge's assessment that much of the work done after the filing of the original attorneys' fees motion was largely unnecessary. The

6

magistrate judge, therefore, abused his discretion in refusing to take into consideration counsel's work performed after the filing of the original motion. Accordingly, we vacate that portion of the magistrate judge's order.

### III.

For the foregoing reasons, the judgment below is affirmed in all respects except as to the attorneys' fees incurred after the filing of the original motion that could not have been included therein and were not susceptible to reasonable prediction at the time of filing.

**AFFIRMED IN PART; VACATED IN PART.**