531 So.2d 1027 (1988)
BAY LINCOLN-MERCURY-DODGE, INC., Appellant,
v.
TRANSOUTH MORTGAGE CORPORATION OF FLORIDA, Appellee.
No. 87-2071.
District Court of Appeal of Florida, First District.
October 4, 1988.
Julie K. Hilton, of Hilton, Hilton, Kolk & Laing, P.A., Panama City, for appellant.
Russell R. Stewart, Panama City, for appellee.
JOANOS, Judge.
Bay Lincoln-Mercury-Dodge, Inc. (BLMD) appeals the final judgment awarding damages and attorney's fees to Transouth Mortgage Corporation of Florida (Transouth). The issues raised concern (1) the trial court's interpretation of a general clause in the assignment provisions of a retail installment contract, and (2) the trial court's award of attorney's fees to Transouth, the prevailing party in the suit on the repurchase agreement. We affirm the trial court's ruling with respect to the first issue, and reverse with respect to the second issue.
Under established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually. Keys Lobster v. Ocean Divers, 468 So.2d 360, 363 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla. 1985). See also Salisbury v. Spielvogel, 451 So.2d 974, 975 (Fla. 4th DCA 1984). In Bowman v. Kingsland Development, *1028 Inc., 432 So.2d 660, 664 (Fla. 5th DCA 1983), the court noted:
The right to attorney's fees under any contractual provision is limited by the terms of such provision. Attorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provides for attorney's fees.
The contract in this case provides for attorney's fees in two separate instances. Attorney's fees are recoverable by Transouth from the buyer, in the event it incurs attorney's fees due to the buyer's default. Attorney's fees are also recoverable by Transouth under the assignment portion of the contract, in the event Transouth suffered any loss by virtue of a claim the buyer could legitimately raise against the seller which shifted to Transouth as assignee. However, there is no provision for attorney's fees under the repurchase portion of the contract. Therefore, in awarding an attorney's fee to Transouth in this instance, the trial court apparently extended the attorney's fee provision of the retail installment portion of the contract to provide an attorney's fee under the assignment-repurchase portion of the contract. Since the repurchase agreement does not include a provision for attorney's fees, the trial court's application of the retail installment attorney's fee provision to the seller's repurchase obligation was improper.
Accordingly, the award of attorney's fees to Transouth is reversed. In all other respects, the final judgment appealed is affirmed.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
WIGGINTON and BARFIELD, JJ., concur.