744 So.2d 1206 (1999)
ANDERSON COLUMBIA CO., INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 98-4487.
District Court of Appeal of Florida, First District.
November 10, 1999.
W. Robert Vezina, III, and Frederick J. Springer of Vezina, Lawrence & Piscitelli, P.A., Tallahassee, for Appellant.
Pamela S. Leslie, General Counsel, Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
ERVIN, J.
This is an appeal by Anderson Columbia Co., Inc., a contractor, from a final order denying it attorney's fees which it sought after successfully prevailing in a breach of contract action against appellee, Florida Department of Transportation (FDOT). We affirm.
Under the terms of the construction contract, Anderson Columbia was required to furnish FDOT with a contract or surety bond, which became part of the contract once the bond was secured. If Anderson Columbia breached the contract and FDOT brought an action on the bond, FDOT had a contractual right to recover attorney's fees under Paragraph 3-5.3 of the contract which states:
Default by Contractor: In the case of default on the part of the Contractor, actions for all expenses incidental to ascertaining and collecting losses under the bond, including accounting, engineering and legal services, together with any and all costs incurred in connection with renegotiation of the contract, shall lie against the bond.
Anderson Columbia did not breach the terms of the contract, but instead recovered *1207 judgment against FDOT for breach of contract. It is Anderson Columbia's position that it is entitled to fees under Florida's reciprocal attorney fee statute, section 57.105(2), Florida Statutes (1995), which provides in part as follows:
If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract....
Anderson Columbia continues that although its action against FDOT was not on the bond, under the broad provisions of section 57.105(2), recovery of attorney's fees is permitted "in any action" in which it prevailed under the contract. In support of this argument, Anderson Columbia maintains that it could never pursue an action on the bond because, as principal under the bond, it would always be in the position of defending an action by the obligee.
The lower court ruled that FDOT's right to recover attorney's fees under the contract was limited to the extent of "ascertaining and collecting losses under the bond." Because Anderson Columbia's action was not on the bond, and the contractual provision authorizing fees limits them to bond actions, Anderson Columbia was not entitled to recover attorney's fees. We approve the lower court's construction of the contract and statute.
In so concluding, we decline to place the broad interpretation on the "any action" language of the statute, which Anderson Columbia urges. It is obvious that if FDOT had recovered damages in a contractual action against Anderson Columbia, apart from an action on the bond, it would not be entitled to fees. Its right to fees, and Anderson Columbia's concomitant right to same, if it had successfully defended, arises solely from the contract and Paragraph 3-5.3 dealing with actions against the bond.
There was no general right at common law accorded a party to recover attorney's fees in litigation from the opposing party. A party's right to fees is limited by statute and by contract. We believe this principle is all the more applicable in regard to actions involving public agencies. It is a cardinal maxim of statutory construction that statutes in derogation of the common law principle of sovereign immunity must be given a strict interpretation. See Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla.1977).
To conclude, because Anderson Columbia's action against FDOT was not one against the bond, it had no right under the contract to attorney's fees. Accordingly, the order denying fees is
AFFIRMED.
MINER and KAHN, JJ., CONCUR.