968 So.2d 700 (2007)
Mark J. JOHNSON, Appellant,
v.
Carl PIRES, Everett Pires, Marc Miller and All Top Granite, Inc., a Florida corporation, Appellees.
No. 4D07-1251.
District Court of Appeal of Florida, Fourth District.
November 28, 2007.
*701 Jason M. Murray and Cristina Alonso of Carlton Fields, P.A., Miami, for appellant.
Stephen M. Feidelman of Stephen M. Feidelman, P.A., Hollywood, for appellees.
KLEIN, J.
The issue we must address on this appeal is whether appellant Johnson can be made to arbitrate claims brought against him based on an arbitration provision in a contract which he signed only as the CEO of a corporation. We conclude that, as a non-party to the contract, he is not bound to arbitrate.
The contract from which this dispute arose was between Rocksolid Granite, Inc. and the appellees, and Johnson signed the agreement only in his capacity as the chief operating officer of Rocksolid. All Top Granite, Inc. initiated arbitration proceedings against Johnson individually and Rocksolid.
Johnson moved the arbitrator to dismiss the claims against him, asserting that he was not a party to the agreement requiring arbitration, but his motion to dismiss was denied. Johnson then filed this action in circuit court to prohibit All Top from prosecuting its claims against him in arbitration. All Top agreed that the circuit court could decide whether the claims against Johnson should be arbitrated, and conceded that Johnson had signed the agreement only in his capacity as chief operating officer of the corporation. The court ruled that Johnson must arbitrate and Johnson appeals.
The court was persuaded that Johnson could be compelled to arbitrate under Alterra Healthcare Corp. v. Estate of Linton, 953 So.2d 574 (Fla. 1st DCA 2007). In Alterra, the resident of an assisted living facility died, and the resident's estate sued the facility and the director of the facility for negligence causing her death. The agreement required arbitration of the claims made by the resident, and the issue was whether the director, who was not a party to the agreement, could require the estate to arbitrate claims against her. The court held that the estate had to arbitrate because it was bound by the decedent's agreement to arbitrate, and the claims alleged against the director were within the broad arbitration provision. Alterra is distinguishable from the present case, because in Alterra it was the party bound by the arbitration provision who was attempting to avoid arbitration of its claim against a non-party. This case presents the reverse situation, in which a party who agreed to arbitrate wants to force a non-party to arbitrate.
The agreement provides that the issues related to arbitration shall be governed by the Federal Arbitration Act. When the courts decide whether parties agreed to arbitrate, however, they apply ordinary principles governing the formation of contracts. First Options v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); Global Travel Mktg., Inc. v. Shea, 908 So.2d 392 (Fla.2005).
In Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773 (2d Cir.1995), the court identified five theories under which a non-signatory could be bound to an arbitration agreement: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." 64 F.3d at 776; Merrill Lynch Inv. Managers v. Optibase Ltd., 337 F.3d 125 (2d Cir.2003); see also Martha A. *702 Gottfried, Inc. v. Paulette Koch Real Estate, Inc., 778 So.2d 1089 (Fla. 4th DCA 2001) (non-signatories may be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency).
Of the five theories laid out in Thomson-CSF, the only one which could be applicable here is agency, but a person who signs a contract only in a corporate capacity is not bound as an agent. Charter Air Ctr., Inc. v. Miller, 348 So.2d 614 (Fla. 2d DCA 1977); McCarthy v. Azure, 22 F.3d 351 (1st Cir.1994) (signing a contract as an agent for a disclosed principal is not sufficient to bind the agent to arbitrate claims against him personally); see also Liberty Commc'ns, Inc. v. MCI Telecomms. Corp., 733 So.2d 571, 573-74 (Fla. 5th DCA 1999) (`[i]t is hornbook law that to be bound one must be a party to contract, and there is no arbitration exception to this principle of law").
It is thus apparent that, although Johnson, a non-party to the agreement, could have enforced the arbitration provision against the parties who agreed to arbitrate these claims, the parties who agreed to arbitrate cannot force arbitration on Johnson, since he did not agree to arbitrate. We accordingly reverse.
GROSS, J., and EMAS, KEVIN M., Associate Judge, concur.