977 So.2d 716 (2008)
ESCAMBIA COUNTY, Florida, Appellant,
v.
U.I.L. FAMILY LIMITED PARTNERSHIP, a Florida limited partnership, and C.C. Family Limited Partnership, a Florida limited partnership, Appellees.
No. 1D07-1836.
District Court of Appeal of Florida, First District.
March 25, 2008.
Charles V. Peppier, Chief Litigation Attorney, and Janet Lander, County Attorney, Pensacola, for Appellant.
Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for Appellees.
PER CURIAM.
Appellant, Escambia County ("County"), appeals a final order awarding attorney's fees to Appellees, real estate developers ("Developers"), who prevailed in an action against the County for declaratory and injunctive relief. The Developers filed the action asserting that they were entitled to valid building permits under their contract with the County. The County does not challenge the trial court's order granting relief to the Developers, but only the subsequent order granting attorney's fees under section 57.105(5), Florida Statutes (2001). Because we find that the County's *717 entitlement to fees is reciprocal under the contract, we affirm the trial court's finding that the Developers are entitled to attorney's fees for prevailing in their declaratory action.
Section 57.105, Florida Statutes (2001), provides in relevant part:
If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
(Emphasis added.) This reciprocity is limited to the specific terms of the attorney's fees provision in a contract. Subway Restaurants, Inc. v. Thomas, 860 So.2d 462, 463 (Fla. 4th DCA 2003) (holding that a tenant was not entitled to attorney's fees for lawsuit for wrongful eviction and breach of contract because the attorney's fees provision of the lease only applied to rent collection actions); Anderson Columbia Co., Inc., v. Fla. Dep't of Transp., 744 So.2d 1206, 1207 (Fla. 1st DCA 1999) (holding that contractor was not entitled to recover attorney's fees under reciprocal fee statute where the contract provided for attorney's fees if the Department sued contractor on the bond and the suit at issue was for breach of contract).
The parties entered into a contract which contains the following attorney's fees provision: "If County ever has to file a judicial action to enforce any provision of this guarantee, then [Developers] agree to reimburse County for all of its costs, including reasonable attorney's fees through appeal, if necessary, that it may have incurred in enforcing this guarantee." By its plain language, this fee provision envisions a lawsuit in which the parties litigate their rights and obligations under the guarantees, which would inevitably result in a judicial construction of the contract language. The declaratory action brought by the Developers differs from the action envisioned in the contract only with respect to who sat on each side of the courtroom.
In its order granting declaratory and injunctive relief, the trial court found that the County denied building permits as a result of the County's reliance on the guarantees, which were found to be unenforceable. Based on this finding, the County effectively forced the Developers to seek a judicial clarification of their right to resolve a legal conflict, after the County acted to the Developers' detriment, as issuer of permits and regulator of land development. Jakobi v. Kings Creek Vill. Townhouse Ass'n, Inc., 665 So.2d 325, 327 (Fla. 3d DCA 1995) (noting that because homeowners' association had "arbitrarily refus[ed] to approve owner's plans where similar structures had been approved before, the Association forced the owner to file suit."). We find no basis to conclude that the Developers' lawsuit, even though it sought declaratory and injunctive relief, so differed from the enforcement action envisioned in the guarantees that section 57.105 would not apply to award the Developers reciprocal attorney's fees.
Therefore, we AFFIRM the trial court's determination that the Developers are entitled to attorney's fees. We affirm the amount of fees awarded, which reflects a reasonable exercise of the trial court's discretion.
ALLEN, DAVIS, and THOMAS, JJ., concur.