**NORTH AMERICAN CLEARING, INC., Plaintiff,**

v.

**BROKERAGE COMPUTER SYSTEMS, INC., Defendant.**

**Brokerage Computer Systems, Inc., Plaintiff,**

v.

**Richard L. Goble, Defendant.**

**Case Nos. 6:07–cv–1503–Orl–19KRS, 6:08–cv–1567–Orl–19KRS.**

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 4, 2010.

Robert C. Leitner, K & L Gates, LLP, Miami, FL, for Plaintiff.

Eric A. Lee, Lee & Amtzis, PL, Boca Raton, FL.

April Lynn Boyer, K & L Gates, LLP, Miami, FL.

Jeffrey Simenton, Terry J. Hellenkamp, Wirtz Hellenkamp, LLP, San Diego, CA.

## ORDER

PATRICIA C. FAWSETT, District Judge.

This case comes before the Court on the following:

1. Motion for Attorneys' Fees and Costs by Defendant Richard L. Goble (Doc. No. 155, filed Oct. 16, 2009);

2. Report and Recommendation on Defendant Richard Goble's Motion for Attorneys' Fees and Costs (Doc. No. 165, filed Dec. 29, 2009);

3. Objections to Report and Recommendation by Defendant Richard L. Goble (Doc. No. 168, filed Jan. 4, 2010); and

4. Opposition to Defendant Richard L. Goble's Objections to Report and Recommendation. (Doc. No. 169, filed Jan. 11, 2010.)

## Background

### I. Procedural History

Plaintiff Brokerage Computer Systems, Inc. ("BCS") was originally a defendant in a case brought by North American Clearing, Inc. ("NAC") alleging breach of contract and seeking declaratory relief. (Doc. No. 1, filed Sept. 21, 2007.) On September 3, 2008, the Court stayed the case after NAC became the subject of a bankruptcy liquidation proceeding. (Doc. No. 60, filed Sept. 3, 2008).

On September 11, 2008, BCS filed suit against individual corporate officers of NAC, including Defendant Richard Goble, alleging breach of contract, conversion, false designation of origin in violation of the Lanham Act, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Case No. 6:08–cv–1567–Orl–19KRS, Doc. No. 1.) Because both cases arose from the same contract and involved common questions of law and fact, the Court consolidated the two cases. (Doc. No. 63, filed Oct. 23, 2008.)

On July 24, 2009, Goble filed a motion for summary judgment on all claims brought against him by BCS. (Doc. No. 107.) On October 5, 2009, 666 F.Supp.2d 1299 (M.D.Fla.2009), the Court granted Goble's summary judgment motion, (Doc. No. 152), and judgment was entered in Goble's favor. (Doc. No. 162, filed Nov. 16, 2009.) On October 16, 2009, Goble filed the instant motion for attorney's fees and costs. (Doc. No. 155.) BCS did not respond in opposition. On December 29, 2009, the United States Magistrate Judge issued a Report and Recommendation that the Court deny Defendant Goble's Motion for Attorneys' Fees and Costs. (Doc. No. 165 at 9.) Goble timely filed written objections to the Report and Recommendation, arguing that his Motion for Attorney's Fees should have been granted as unopposed, and, alternatively, he should have been awarded attorneys' fees pursuant to (1) the licensing agreement between BCS and Advantage Trading Group, Inc., NAC's predecessor ("Agreement"), (2) Section 501.2105, Florida Statutes (2009), the attorneys' fees provision of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (3) 15 U.S.C. § 1117(a), the attorneys' fees provision of the Lanham Act. (Doc. No. 168.) BCS filed a response in opposition. (Doc. No. 169.)

## Standard of Review

### I. Motion for Attorney's Fees

Under the American Rule, which is the controlling rule in Florida and Federal courts, a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Alyeska Pipe-*

line Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Price v. Tyler,* 890 So.2d 246, 250 (Fla.2004).

## II. Objection to a Report and Recommendation of a United States Magistrate Judge

■ Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.,* 208 Fed.Appx. 781, 783 (11th Cir.2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784 (citing *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to.*" Fed.R.Civ.P. 72(b)(3) (emphasis added). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. *Williams v. McNeil,* 557 F.3d 1287, 1291–92 (11th Cir.2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R.Civ.P. 72(b)(3); *accord* Local Rule 6.02.

### Analysis

### I. The Granting of Goble's Motion for Attorney's Fees as Unopposed

The Magistrate denied each of Goble's requests for attorneys' fees. (Doc. No. 165 at 9.) Goble argues that because BCS did not respond in opposition to his Motion for Attorneys' Fees, the Magistrate was required to grant the Motion as unopposed. (Doc. No. 168 at 4.) BCS maintains that Goble must prove that he is entitled to attorneys' fees regardless of whether BCS filed a response in opposition to his Motion for Attorneys' Fees. (Doc. No. 169 at 1.)

■ "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Further, requiring the moving party to prove that it is entitled to attorneys' fees even when its motion for attorneys' fees is unopposed aligns with the American Rule for attorneys' fees, under which a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Alyeska Pipeline Serv. Co.,* 421 U.S. at 257, 95 S.Ct. 1612; *Price,* 890 So.2d at 250. Goble does not cite, and the Court does not find, any authority to the contrary.[1]

---

1. Goble cites *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840 (11th Cir.2004), but this case is not on point. It merely holds that arguments not properly raised in an appellate brief are deemed waived. *Id.* at 847 n. 4. Goble also quotes *Kirkland v. County Comm'n of Elmore County, Ala.,* No. 2:08cv86–MEF, 2009 WL 596538 (M.D.Ala. Mar. 6, 2009), an unpublished memorandum opinion which states that "the failure of a party to respond or oppose a pending motion *may* constitute an abandonment of the claims at issue in that motion." *Id.* at *2 (emphasis added). Notably, the court in *Kirkland* used the term

Accordingly, the Magistrate properly addressed the merits of Goble's Motion for Attorneys' Fees even though BCS did not file a response in opposition.

## II. Attorneys' Fees Pursuant to the Agreement

The Magistrate held that Goble was not entitled to attorneys' fees under Section 8.06 of the Agreement because he was not a party to the Agreement. (Doc. No. 165 at 4–5.) Goble objects to the Magistrate's finding, arguing that although he is not a party to the contract,[2] he is entitled to attorney's fees because BCS would have been entitled to attorneys' fees pursuant to Section 8.06 of the Agreement had it prevailed against Goble on its claim to pierce the corporate veil and hold Goble personally liable for breaches of the Agreement by NAC. (Doc. No. 168 at 4–8.) BCS maintains that Florida law governs the Agreement and that there is no legal authority for Goble's argument under Florida law. (Doc. No. 169 at 2.)

■■■ Section 8.06 of the Agreement states as follows:

*Attorney's Fees:* If any legal action or arbitration is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party may be entitled. This provision shall be construed as applicable to the entire agreement.

(Doc. No. 155–1 at 13.) The Agreement is governed by Florida law pursuant to Section 8.08. (*Id.*) In Florida, the intention of the parties governs the construction of a

contract. *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1012 (11th Cir.1998) (citing *Mayflower Corp. v. Davis*, 655 So.2d 1134, 1137 (Fla. 1st DCA 1994)). Florida law also provides that "[u]nder established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually." *Bay Lincoln–Mercury– Dodge, Inc. v. Transouth Mortgage Corp.*, 531 So.2d 1027, 1027 (Fla. 1st DCA 1988). Accordingly, "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision." *Id.* at 1028.

■■■ Because it is undisputed that Goble is not a party to the Agreement, *supra* note 2, the terms "party" and "prevailing party" refer only to BCS and Advantage Trading Group, Inc., and Goble is not entitled to attorneys' fees pursuant to the plain meaning of Section 8.06 of the Agreement. However, Goble argues that he is entitled to attorneys' fees under Section 8.06 as a prevailing nonparty because BCS would have been entitled to attorneys' fees from Goble pursuant to Section 8.06 the Agreement had BCS prevailed on its claim to pierce the corporate veil and hold Goble personally liable. (Doc. No. 168 at 6–7.) The cases cited by Goble in support of this argument apply the California and Oregon reciprocity statutes which allow the prevailing party in a contract dispute to recover attorneys' fees pursuant to the contract even if the prevailing party is not a party to the contract. *See, e.g., Pueblo Radiology Med. Group, Inc. v. Gerlach*, 163 Cal.

"may," connoting that a court is not required to grant all unopposed motions. This definition of "may" aligns with the result in *Kirkland,* as the court granted the moving party's unopposed motion to dismiss and reserved ruling on the moving party's unopposed request for attorneys' fees. *Id.* Therefore, *Kirkland* does not support Goble's argument that

this Court must grant the Motion for Attorneys' Fees which is unopposed.

2. It is undisputed that Goble signed the Agreement in his corporate capacity as the President of Advantage Trading Group, not in his individual capacity, and thus he is not a party to the Agreement. (Doc. No. 165 at 4; Doc. No. 168 at 6; Doc. No. 169 at 2.)

App.4th 826, 77 Cal.Rptr.3d 880, 881–82 (2008) (citing Cal. Civ.Code. § 1717[3]); *Golden W. Insulation, Inc. v. Stardust Inv. Corp.*, 47 Or.App. 493, 615 P.2d 1048, 1057 (1980) (quoting Or.Rev.Stat. § 20.096(1)[4]). This Court lacks authority to override the parties' intent that the Agreement be controlled by Florida law by applying the law of other jurisdictions. *See Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So.2d 708, 710 (Fla. 4th DCA 2002) (finding "no Florida policy which would override the parties' ability to freely contract on the issue of attorney's fees"). Accordingly, Goble's argument must be rejected because it asks the Court to apply Oregon and California law to the provisions of the Agreement. (Doc. No. 155–1 at 13.)

Florida's reciprocity statute, Section 57.105(7), Florida Statutes (2009), is not as broad as the California and Oregon reciprocity statutes, as it applies only if both parties to the lawsuit are parties to the contract:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in

any action, whether as plaintiff or defendant, with respect to the contract.

*See, e.g., Escambia County v. U.I.L. Family Ltd. P'ship*, 977 So.2d 716, 716–17 (Fla. 1st DCA 2008); *Lanahan Lumber Co. v. McDevitt & Street Co.*, 611 So.2d 591, 592 n. 1 (Fla. 4th DCA 1993). Because Goble is not a party to the contract, Florida's reciprocity statute does not apply. Accordingly, Goble should not be awarded attorneys' fees pursuant to Section 8.06 of the Agreement.

## III. Attorneys' Fees Pursuant to FDUTPA

The Magistrate denied Goble's request for attorneys' fees under FDUTPA pursuant to § 501.2105, Florida Statutes (2009), because Goble did not discuss any of the factors that may justify an award of attorneys' fees or demonstrate that his attorneys expended any meaningful time defending BCS's FDUTPA claim. (Doc. No. 165 at 6.) Goble objected to the Magistrate's finding by reprinting nearly verbatim the arguments made in his Motion for Attorneys' Fees which the Magistrate rejected in the Report and Recommendation.[5] (*Compare* Doc. No. 155 at 5–6, *with* Doc. No. 165 at 10–11.)

■ By merely reprinting verbatim the arguments made in his Motion for Attor-

---

**3.** Cal. Civ.Code. § 1717(a) states in part:

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, *whether he or she is the party specified in the contract or not*, shall be entitled to reasonable attorney's fees in addition to other costs.

(emphasis added).

**4.** Or.Rev.Stat. § 20.096(1) provides:

In any action or suit on a contract, where such contract specifically provides that at-

torney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, *whether that party is the party specified in the contract or not*, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

(emphasis added).

**5.** Goble added one sentence to his initial argument: "Since BCS failed to oppose Goble's Motion, there should have been an award of fees under FDUTPA." (Doc. No. 168 at 11.) The issue raised by this sentence was addressed *supra* part I.

neys' Fees, Goble has failed to "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *See Macort v. Prem, Inc.,* 208 Fed.Appx. at 785 (holding that merely reciting language from a previous order of the court or failing to set forth the applicable law is not a specific objection to anything in the report and recommendation that would trigger de novo review by the district court). Goble's actions are akin to lodging a general objection to the Magistrate's report, which is insufficient to trigger review by this Court. *Id.*; *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to.*") (emphasis added). Because on its *de novo* the Court finds no valid objection to the Magistrate's recommendation to award no attorneys' fees pursuant to Section 501.2105, Florida Statutes, this portion of the Report and Recommendation will not be disturbed.

## IV. Attorneys' Fees Pursuant to 15 U.S.C. § 1117(a)

The Magistrate concluded that there was no evidence of bad faith by BCS, and thus attorneys' fees should not be awarded to Goble on BCS's Lanham Act claim pursuant to 15 U.S.C. § 1117(a). (Doc. No. 165 at 8.) Goble objects to the Magistrate's finding, arguing that attorneys' fees should be awarded pursuant to 15 U.S.C. § 1117(a) because BCS had no factual basis to make any of the allegations against Goble. (Doc. No. 168 at 8.)

█ Section 1117(a) permits an award of attorneys' fees to the prevailing party in "exceptional cases" arising under the Lanham Act. "[A]n exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire &* *Auto, Inc.,* 253 F.3d 1332, 1335 (11th Cir. 2001). Applying that standard, "an award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an improper motive." *Welding Servs., Inc. v. Forman,* 301 Fed.Appx. 862, 862–63 (11th Cir.2008) (citing *Tire Kingdom,* 253 F.3d at 1336). Even if a court finds that the circumstances of the case are exceptional, the decision whether to award attorneys' fees is discretionary. *Dieter v. B & H Indus. of Sw. Fla., Inc.,* 880 F.2d 322, 329 (11th Cir.1989).

█ The record reflects that BCS's Lanham Act claim against Goble was obviously weak. (*See* 666 F.Supp.2d at 1309–10 (granting summary judgment for Goble on BCS's Lanham Act claim because it was abandoned by BCS and because it was not supported by any evidence in the record).) However, for a case to be exceptional, the Court must also find "bad faith and improper motive." *Welding Servs., Inc.,* 301 Fed.Appx. at 863. The record shows that BCS brought a Lanham Act claim against Goble because BCS learned that Goble was named as an individual defendant in an SEC Complaint alleging that Goble engaged in fraudulent acts involving NAC and which resulted in the misuse of NAC's assets. (Doc. No. 48 at 7–10.) Other than mere speculation, Goble does not offer, and the Court does not find, any evidence in the record that BCS's decision to bring a Lanham Act claim against Goble was improperly motivated or made in bad faith. Accordingly, attorneys' fees should not be awarded to Goble under 15 U.S.C. § 1117(a).

## Conclusion

Based on the foregoing, it is **OR-DERED** and **ADJUDGED** that:

1. The Objection to Report and Recommendation by Richard L. Goble (Doc. No. 168) is **OVERRULED,** and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 165) is **ADOPTED** and **AFFIRMED.**

2. The Motion for Attorneys' Fees and Costs by Richard L. Goble (Doc. No. 155) is **DENIED.**

### REPORT AND RECOMMENDATION

KARLA R. SPAULDING, United States Magistrate Judge.

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> MOTION: DEFENDANT RICHARD GOBLE'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 155)
>
> FILED: October 16, 2009

## I. PROCEDURAL HISTORY.

Plaintiff Brokerage Computer Systems, Inc. (BCS) was originally a defendant in a case brought by North American Clearing, Inc. (NAC) on September 21, 2007, alleging breach of contract and seeking declaratory relief. Case No. 6:07–cv–1503–Orl–19KRS, Doc. No. 1. The Court stayed the case after NAC became the subject of a bankruptcy liquidation proceeding, and NAC's claims remain stayed.[1] Doc. Nos. 59, 60.

Thereafter, on September 11, 2008, BCS filed suit against individual corporate officers of NAC, including Defendant Richard Goble (founder of NAC), alleging breach of contract, conversion, false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125, and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Case No. 6:08–cv–1567–Orl–19KRS, Doc. No. 1. Because both cases arose from the same contract between BCS and NAC, and involved common questions of law and fact, the Court consolidated the two cases.[2]

On July 24, 2009, Goble filed a motion for summary judgment on all claims brought against him by BCS. Case No. 6:07–cv–1503–Orl–19KRS, Doc. No. 107. On October 5, 2009, the Court granted Goble's summary judgment motion, Doc. No. 152, and judgment was entered in Goble's favor on November 16, 2002, Doc. No. 162. On October 16, 2009, Goble filed the instant motion for attorney's fees and costs. Doc. No. 155. Goble submitted the affidavit of Eric Lee, Esq., who averred that Goble's attorneys expended 226.90 hours of work in this case and incurred $40,748.00 in attorney's fees. Doc. No. 155–3. Goble also submitted the affidavit of expert Paul Lopez, Esq., who averred that Goble's attorneys reasonably expended 216.70 hours in this case for a total of $39,020.00 in attorney's fees. Doc. No. 155–4. The Clerk of Court has already taxed costs against BCS. Doc. No. 46. Therefore, this portion of the motion is moot.

At the time of writing this report, BCS has not responded to Goble's motion and the time for doing so has passed.

---

**1.** On November 12, 2009, Trustee Robert Gilbert advised the Court that the liquidation of NAC's estate is proceeding before the United States Bankruptcy Court for the Middle District of Florida, and he "does not anticipate that any further proceedings will be needed before this forum." Doc. Nos. 158, 160. Goble advised the Court that he did not object to the dismissal of the case without prejudice, but requested that the case not be closed until the instant motion is resolved. Doc. No. 163.

**2.** The stay entered in Case No. 6:07–cv–1503–Orl–19KRS was partially lifted to permit BCS's claims against Goble to go forward in Case No. 6:08–cv–1567–Orl–19KRS. *See* Case No. 6:07–cv–1503–Orl–19KRS, Doc. No. 63.

## II. ANALYSIS.

Under the American Rule, a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Price v. Tyler,* 890 So.2d 246, 250 (Fla.2004). Goble asserts that, as the prevailing party in the case brought against him by BCS, he is entitled to an award of attorney's fees under a contract and pursuant to the FDUTPA and Lanham Act.

### A. The Contract.

The contract in this case, by its own terms, is governed by Florida law. *See* Doc. No. 155-2 at 13 ("This Agreement shall be deemed to have been made in, and shall be construed pursuant to, the laws of the State of Florida."). In Florida, the intention of the parties governs the construction of a contract. *See Scott v. Prudential Sec., Inc.,* 141 F.3d 1007, 1012 (11th Cir.1998) (citing *Mayflower Corp. v. Davis,* 655 So.2d 1134, 1137 (Fla. 1st Dist. Ct.App.1994)). Florida law provides that "[u]nder established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually." *Bay Lincoln–Mercury–Dodge, Inc. v. Transouth Mortgage Corp.,* 531 So.2d 1027, 1027 (Fla. 1st Dist. Ct.App.1988). "The right to attorney's fees under any contractual provision is limited by the terms of such provision." *Id.* at 1028.

The Agreement at issue was entered into between BCS, as "Licensor," and Advantage Trading Group, Inc. (NAC's predecessor), as "Licensee," Doc. No. 155-2 at 1. The parties' obligations and promises are described throughout the Agreement as those made by "Licensor" and "Licensee." *Id.* at 1–16. Section 8.06 of the Agreement provides, "If any legal action

... is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees...." *Id.* at 13. Goble signed the Agreement on behalf of Advantage Trading Group. *Id.* at 14.

Goble contends that he is entitled to attorney's fees because he is the prevailing party under the Agreement. However, Goble has previously argued to this Court that he was *not a party* to the Agreement. In his motions to dismiss BCS's claims against him, Goble stated, "The Individual Defendants are not parties to the agreements." Case No. 6:08–cv–1567–Orl–19KRS, Doc. No. 26. Goble asserted that the Agreement was entered into between BCS and NAC, that he did not sign the Agreement in his personal capacity, that he was not the alter ego of NAC, and "[n]othing in the License Agreement or Amendment evidences any intent to bind GOBLE individually to its terms." Doc. No. 91 at 4, 6–7; Case No. 6:08–cv–1567–Orl–19KRS, Doc. No. 26 at 3, 5–6, 10.

In ruling on Goble's motions to dismiss, this Court noted that because the signature line in the Agreement began with the word "by" and included a description of Goble as the President of Advantage Trading Group and NAC, Goble signed the Agreement "in his corporate capacity." Doc. No. 95 at 12. The Court also noted that the Agreement did not include any language indicating that Goble was personally obligated under the Agreement or otherwise accepted individual contractual liability, and that Goble was not liable under the Agreement merely because of his signature on the document or his position as corporate officer. *Id. See Johnson v. Pires,* 968 So.2d 700, 702 (Fla. 4th Dist.Ct. App.2007) ("a person who signs a contract only in a corporate capacity is not bound as an agent"); *In re Jacobs,* 243 B.R. 836, 844 (Bankr.M.D.Fla.2000) ("the law is set-

tled that where an agent properly signs for a known principal, the name of the principal appears in the instrument, and it is evident from the writing as a whole that the intention was to bind the principal and not the agent, then the princip[al] is the sole contracting party.").

It appears, based on Goble's assertions and the Agreement itself, that the parties' intention was to bind NAC, not Goble. Because Goble was not a party to the Agreement, he is not entitled to recover attorney's fees under section 8.06 of the Agreement. *See, e.g., In re University Centre Hotel, Inc.*, 323 B.R. 306, 309 (Bankr.N.D.Fla.2005).

### B. FDUTPA.

"Prior to a 1994 amendment, FDUTPA provided for the mandatory award of reasonable attorney's fees to any prevailing party." *Humane Soc. of Broward County, Inc. v. Florida Humane Soc.*, 951 So.2d 966, 971 (Fla. 4th Dist.Ct.App.2007). Currently, however, the FDUTPA provides that the Court may in the exercise of its discretion award the prevailing party attorney's fees. *Id.* (citing Fla. Stat. § 501.2105). "[I]in exercising such discretion, courts typically balance the following non-exhaustive factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith, but was frivolous, unreasonable, or groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Colomar v. Mercy Hosp., Inc.*, No. 05–22409–CIV, 2008 WL 4459383, at *2 (S.D.Fla. Sept. 29, 2008). The mov-

ing party bears the burden of demonstrating an entitlement to attorney's fees under this statute. *Id.*

■ Goble contends that he is entitled to attorney's fees under the FDUTPA because he is the prevailing party. Doc. No. 155 at 6. However, Goble has not established that an award of attorney's fees under the FDUTPA is appropriate in this case. He has not addressed any of the factors outlined in *Colomar*. He also has not demonstrated that his attorneys expended any meaningful time defending BCS's FDUTPA claim. *See, e.g., JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1291 (M.D.Fla.2006); *VP Gables, LLC v. Cobalt Group, Inc.*, 597 F.Supp.2d 1326, 1330 (S.D.Fla.2009) ("When there was no additional effort in defending the case because of a FDUTPA claim, fees should not be awarded in accordance with FDUTPA.").

Thus, Goble has not satisfied his burden of demonstrating that the circumstances of this case justify an award of attorney's fees under the FDUTPA.

### C. Lanham Act.

The Lanham Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit has stated "that an 'exceptional case' is one that can be characterized as 'malicious, fraudulent, deliberate and willful,' . . . or one in which 'evidence of fraud or bad faith' exists . . . ." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir.2001) (internal citations omitted). "Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1319–20 (11th Cir.2001) (quoting *Burger*

*King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir.1994)).

Goble contends that he is entitled to attorney's fees as the prevailing party because BCS's Lanham Act claim "was weak and without any factual basis" as BCS was unable to prove the allegations in its second amended complaint. Doc. No. 155 at 7. Goble also contends that BCS "acted in bad faith and with an improper motive" in pursuing its claim against Goble because BCS continued to maintain its claim against Goble despite having "no evidence whatsoever that Goble engaged in any conduct that could constitute a violation of the Lanham Act." *Id.*

The Court granted summary judgment to Goble on BCS's Lanham Act claim finding that there was no evidence in the record that Goble falsely designated the origin of any BCS software. 666 F.Supp.2d at 1309–10. The Court noted that BCS sufficiently pleaded that Goble falsely designated the origin of software by changing its name, but BCS's allegation was deemed abandoned because it was neither raised in opposition to Goble's summary judgment motion nor supported by evidence in the record. *Id.* at 1310. Failure to establish the claim, however, is not enough to support a finding that the case is exceptional without evidence of bad faith or improper motive. *See Tire Kingdom, Inc.*, 253 F.3d at 1336.

Goble contends that BCS acted in bad faith because it asserted individual claims against Goble only after it learned that NAC went into receivership. Doc. No. 155 at 7. The Court appointed a receiver for NAC on May 27, 2008. Case No. 6:08–cv–829–Orl–35KRS, Doc. No. 12. The motion to amend the counterclaim to add Goble as an individual counterclaim defendant was filed on June 30, 2008. Doc. No. 48. BCS stated in the motion that it learned from the complaint filed by the SEC in Case No. 6:08–cv–829–Orl–35KRS, that Goble "had engaged in fraudulent acts[,]" but BCS did not state how facts revealed in the SEC complaint supported the Lanham Act claim or other causes of action brought against Goble. Doc. No. 48 at 6. Moreover, BCS stated in the motion that it wished to add Goble as a counterclaim defendant "to ensure that NAC, which is the subject of a recently filed civil action by the SEC, has assets to satisfy a potential judgment in favor of BCS . . . ." *Id.* at 7. Thus, Goble's argument that BCS added him as a counterclaim defendant based on an improper motive—that is, to add an individual against whom a judgment for wrong-doing by NAC could be collected—in the absence of facts showing that Goble violated the Lanham Act is supported by the record.

Courts have found in other contexts that an improper motive cannot be inferred "simply because a plaintiff makes an objectively unreasonable . . . claim against deep-pocket defendants. Some evidence of bad faith must be shown." *Randolph v. Dimension Films*, 634 F.Supp.2d 779, 795 (S.D.Tx.2009) (copyright case); *see also Momentum Luggage & Leisure Bags. v. Jansport, Inc.*, No. 00 Civ. 7909(DLC), 2001 WL 1388063, at *7–8 (S.D.N.Y. Nov. 8, 2001) (baseless Lanham Act claim coupled with improper litigation tactics insufficient to establish bad faith). In the present case, while BCS and its counsel's conduct is certainly suspect, there is no evidence that BCS acted maliciously or in bad faith sufficient to warrant a finding that this case is "exceptional" under the Lanham Act. Therefore, an award of attorney's fees under the Lanham Act is not appropriate.

## III. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court **DENY** in part

Defendant Richard Goble's Motion for Attorneys' Fees and Costs, Doc. No. 155.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2009.